UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CARLOS JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) 13-3420 |
| AMY LOUCK, *et al.* | ) |
| Defendants. | ) |

**ORDER**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment due process claim. The matter comes before the Court for ruling on the Defendants' respective motions for summary judgment. (Docs. 47, 50). The motions are granted.

**LEGAL STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts must be construed in the light most favorable to the

non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act.  On December 2, 2013, Plaintiff was involved in an altercation with his roommate at the facility.  Immediately after this incident, Plaintiff was placed on Temporary Special status pending investigation into the incident.

On December 4, 2013, after receiving notice of the charges pending against him, Plaintiff was given the opportunity to present

his defense and call witnesses at a hearing in front of the Behavioral Committee consisting of Defendants Reid, Hankins, and Jumper. Plaintiff was found guilty of "fighting" at the conclusion of the hearing, placed on Close Management status for 30 days, and demoted in resident status to "Intermediate B" status. The Committee also recommended that black box restraints be used during transport for 90 days. Plaintiff maintains he did not commit the violation.

Close Management status is not the most restrictive status at the TDF, but, nonetheless, requires greater precautions with, and observation of, those residents so classified. Hence, a resident's treatment team and security staff must jointly determine whether a resident should be permitted to attend treatment groups. Factors weighed in this decision include, among other things, a resident's demeanor, reason for being on Close Management status, and the safety of other residents. Plaintiff's treatment team consisted of Defendant Louck, the "Red Team" leader, and Defendant Shinhoster, Plaintiff's primary therapist. According to the treatment team, Plaintiff remained agitated while on Close Management status. When considered in conjunction with the fact

that Plaintiff had been found guilty of violence against another resident, the treatment team expressed doubts as to whether Plaintiff could safely reintegrate into group therapy. Therefore, the treatment team did not recommend that Plaintiff return to group therapy while on Close Management status. Plaintiff was seen individually by members of the treatment team during that time.

## ANALYSIS

Plaintiff does not challenge his initial placement on Temporary Special status, nor could he, as temporary placement in more restrictive conditions pending review of alleged rule violations does not offend the due process clause; legitimate security interests exist in not allowing one suspected of such to roam free within the facility. See Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005) (analogizing temporary segregation for an alleged violation of a disciplinary rule to an arrest without a warrant pending a probable cause hearing).

Instead, Plaintiff maintains that the Behavioral Committee should have adopted his version of the events that transpired on December 2, 2013, and, for that reason, brought the present lawsuit against Defendants Hankins, Reid, and Jumper. Civil

detainees have the right "to complain of a deprivation of liberty without due process of law if the restrictions constitute a deprivation within the meaning of the Constitution...." Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011). However, regardless of whether the confinement is civil or criminal, "[d]isciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause." Id. at 414-15.

The Defendants took three disciplinary actions against Plaintiff: (1) placement on Close Management status for 30 days; (2) demotion to Intermediate B status; and, (3) required use of black box restraints during transport for 90 days. In Miller, the Seventh Circuit held that Close Management status at Rushville does not constitute a sufficient deprivation to implicate due process concerns. Id. at 415. While the parties do not elaborate on what it means to be on "Intermediate B" status, the Court can come to the same conclusion based upon the Seventh Circuit's holding that placing a TDF resident on a relatively more restrictive "Intermediate C" status did not violate due process. Finally, the use of black box restraints, on its own, does not implicate due process concerns.

See <u>Levi v. Thomas</u>, 429 Fed. Appx. 611, 613 (7th Cir. 2011) (use of black box restraint on detainee who was found to have committed major rule violation was not "atypical or significant hardship; rather it constitute[d] an additional restriction…too limited to amount to a deprivation of constitutional liberty." (internal quotations omitted)). At any rate, the requirements of due process have otherwise been satisfied as Plaintiff does not dispute that he received notice of the disciplinary hearing, an opportunity to be heard, and notice of the Behavioral Committee's decision.  Pl. Dep. 25:10-26:7.  Therefore, the Court finds that no reasonable juror could conclude that Defendants Hankins, Reid, and Jumper violated Plaintiff's due process rights.

    The remaining defendants, Defendants Loucke and Shinhoster, were members of Plaintiff's treatment team.  Plaintiff testified at his deposition that his claims against these defendants were not based upon inadequate medical or mental health treatment.  See <u>id.</u> 42:9-45:2.  There is no evidence that these defendants failed to exercise professional judgment in their decision to not recommend Plaintiff to attend group therapy while on Close Management status, and, thus, the only potential theory of liability

as it relates to these defendants is a due process claim based upon the disciplinary hearing on December 4, 2013. Plaintiff does not claim that these defendants were personally involved in that disciplinary hearing, and, because of that, Plaintiff's claims against these two defendants would fail even if the Court had found a due process violation. See Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." (citations omitted)). Accordingly, the Court finds that no reasonable juror could conclude that Defendants Loucke and Shinhoster violated Plaintiff's constitutional rights.

Therefore, for the reasons outlined above, the Court finds that no genuine issue of material fact exists and the Defendants are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment are GRANTED [47][50]. The clerk of the court is directed to enter judgment in favor of the Defendants and against Plaintiff. All pending motions are denied as moot, and**

**this case is terminated, with the parties to bear their own costs.**

**2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. <u>See</u> Fed. R. App. P. 24(a)(1)(c); <u>see also Celske v Edwards</u>, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); <u>Walker v O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:      September 14, 2015

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE